AMELIA CAZARES,

          Plaintiff,

                                     Case No. 25-cv-1696-bhl

    v.

DAN DAN LLC,

          Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS AND GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

---

Plaintiff Amelia Cazares claims that Defendant Dan Dan, LLC (Dan Dan) violated Title III of the Americans with Disabilities Act (ADA) by failing to make its website accessible to her and other similarly situated blind individuals who use screen reading software. (ECF No. 6 ¶¶52–69.) Her amended complaint includes two causes of action:  a claim for a violation of Title III of the ADA seeking an injunction against Dan Dan and a claim for a declaratory judgment, predicated on the same alleged Title III violation.  (*Id.* ¶¶52–69.)   Dan Dan seeks to strike Cazares's class allegations as impermissible and to dismiss Cazares's second cause of action because it does not state a claim upon which relief can be granted.  (ECF No. 10.)  The Court will deny Dan Dan's motion to strike as premature; the propriety of Plaintiff's class allegations will be tested if and when she moves for class certification.  The Court agrees with Dan Dan's challenge to Cazares's request for a declaratory judgment, however.  That claim challenges an alleged past violation of the ADA and cannot succeed based on her allegations.  It is also duplicative of her request for injunctive relief.

## BACKGROUND

Amelia Cazares is visually impaired, legally blind, and a resident of Milwaukee County. (ECF No. 6 ¶¶18–19.)  She uses screen reading software to navigate websites.  (*Id.* ¶¶2, 19.)  Dan Dan is a Wisconsin limited liability company that operates a restaurant.  (*Id.* ¶¶20–21.)  Dan Dan

operates a website at Dandanmke.com, which allows customers to read the restaurant's menu, purchase gift cards, order food online, and make reservations.  (*Id.* ¶21.)

Cazares attempted to make a reservation on Dandanmke.com on August 23, 2025, but could not navigate the website effectively or use her screen reader to read the menu.  (*Id.* ¶39.)

## LEGAL STANDARD

Dan Dan seeks two different forms of relief.  It first asks the Court to strike Cazares's class action allegations. This request faces a high standard.  Motions to strike are generally disfavored, because they typically "serve only to delay" and should only be granted if they "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Dan Dan also asks the Court to dismiss Cazares's claim for declaratory relief. This motion also faces a high standard.  The Court's consideration of this request is governed by Federal Rule of Civil Procedure 12(b)(6), which requires the Court to "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)).  If a complaint does not state a cause of action upon which relief may be granted, or if one cause of action does not state a claim upon which relief can be granted, then the complaint, or claim, should be dismissed.  Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

**I.      The Court Will Deny Dan Dan's Motion To Strike Cazares's Class Allegations.**

Dan Dan challenges Cazares's class action allegations by affirmatively moving to strike them.  Federal Rule of Civil Procedure 23(c)(1)(A) instructs district courts to determine whether to certify a class "[a]t an early practicable time."  Courts typically do so in response to a motion to certify a class.  Rather than waiting for Cazares to seek class certification, Dan Dan has gone on the offensive.  The Court will deny Dan Dan's challenge at this stage in the proceedings and without prejudice to its right to oppose class certification in the future.

Class certification is appropriate when a plaintiff can meet the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  Additionally, a plaintiff seeking to represent a class must also satisfy one of the three subsections of Rule 23(b). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  Motions to strike class allegations at the pleadings stage are generally disfavored but can be appropriate when it is clear from the pleadings alone that the class allegations are defective. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557,

563 (7th Cir. 2011). Dan Dan argues that this case is one where class certification can be addressed immediately because the Rule 23 defect in Cazares's allegations is apparent from the complaint itself. (ECF No. 10 at 2–3.) Dan Dan contends that Cazares seeks to "represent an impermissible fail-safe class," and that, although there is no motion to certify a class before it, the Court should decide this issue now, and strike Cazares's class allegations. (*Id.* at 4–5.)

A fail-safe class is one that is defined so that whether a person qualifies as a class member depends on whether that person has a valid claim. *Mauer v. Am. Intercontinental Univ., Inc.,* No. 16 C 1473, 2016 WL 4698665, at *3 (N.D. Ill. Sep. 8, 2016) (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)). Fail-safe classes are problematic because any class members who cannot succeed on their claims are defined out of the class, and therefore not bound by any judgment. *Messner*, 668 F.3d at 825. But the use of fail-safe class allegations at the pleadings stage generally does not preclude a plaintiff from moving forward with class allegations. *See id.*; *see also Van v. Ford Motor Co.,* No. 14 cv 8708, 2016 WL 1182001, at *8 (N.D. Ill. Mar. 28, 2016) (declining to strike fail-safe class definition where plaintiffs had not yet moved to certify the purported class and instead considering the class definition "a placeholder for plaintiffs to seek certification if it becomes appropriate to do so").

Dan Dan cites *Mauer v. American Intercontinental University, Inc.,* 2016 WL 4698665, in support of its motion to strike. (ECF No. 10 at 4.) But in *Mauer*, the district court ultimately concluded that the defendant's "arguments concerning the impropriety of [plaintiff's] Rule 23(b)(2) and (b)(3) classes are premature and should be raised in opposition to an affirmative motion for class certification after discovery. Although, [the plaintiff] has proposed an improper fail-safe class definition, the Court will not strike the class allegations but instead will consider the definition a placeholder, allowing [the plaintiff] to amend the class definition before or at the time she moves for class certification." *Mauer*, 2016 WL 4698665, at *1. So too here. Even if the Court agreed that Cazares had proposed an impermissible fail-safe class, the Court would wait until Cazares moved to certify the class and allow her the chance to amend her class allegations. The Court will therefore deny Dan Dan's motion to strike.

## II.	The Court Will Grant Defendant's Motion to Dismiss Plaintiff's Declaratory Judgment Cause of Action.

Dan Dan argues that the second cause of action of Cazares's amended complaint, which requests a declaratory judgment that Dan Dan violated the ADA, should be dismissed because she

only alleges past discrimination.  (ECF No. 10 at 5–6.)  Cazares argues that she has alleged that she would return to the website once the accessibility barriers were remedied, and that she has thus alleged an ongoing controversy, making her request for a declaratory judgment proper.  (ECF No. 11 at 4–5.)

The Declaratory Judgment Act permits courts to declare the rights and legal relations of interested parties in a case or controversy.  28 U.S.C. §2201(a).  In the context of claims related to websites that violate Title III of the ADA, declaratory relief is generally not available when a private plaintiff seeks relief for discriminatory acts that have already occurred.  *McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200,  at *6 (E.D. Wis. Sep. 11, 2024) (citing *Marquez v. Riveredge Hosp., Inc.*, No. 21-CV-3369, 2022 WL 832650, at *6 (N.D. Ill. Mar. 21, 2022)); *McCabe v. Markwins Beauty Prods, Inc.*, No. 24-cv-1004-bhl, 2025 WL 1555372, at *3 (E.D. Wis. June 2, 2025); *Cazares v. Acro Int'l Inc.*, No. 25-cv-0537-bhl, 2026 WL 45218, at *3 (E.D. Wis. Jan. 7, 2026).  In addition, claims seeking a declaratory judgment for a violation of Title III of the ADA are redundant when the plaintiff also seeks injunctive relief for the same violation.  *See e.g., Brown v. Jennifer Adams Brands, Inc.*, 24 Civ. 6344 (AT), 2025 WL 522118 (S.D.N.Y. Feb. 18, 2025) at *4 (dismissing declaratory judgment claim as redundant because it was duplicative of other claims); *Chalas v. Pork King Good*, 673 F.Supp.3d. 339, 345 (S.D.N.Y. 2023); *Barberi v. El Brinco Café, LLC*, No. 1:18-cv-23731-KMM, 2019 WL 13260552, at *4 (S.D. Fla. Jan. 29, 2019) (citing *Taylor v. Greene*, No. 08-81054-CIV, 2010 WL 5248501, at *3 (S.D. Fla. Dec. 16, 2010) (dismissing declaratory judgment claim because it was "entirely duplicative of" the plaintiff's ADA claim)).

Cazares's second cause of action seeking a declaratory judgment for a past violation of Title III of the ADA does not state a claim upon which relief can be granted.  First, Cazares seeks to remedy past discrimination, the alleged August 23, 2025 ADA violation.  Cazares's complaint includes an allegation that she would return to the website if the accessibility barriers were removed.  (ECF No. 6 ¶40.)  But so did the plaintiffs' complaints in *Tire Web LLC*, *Markwins Beauty Products*, and *Acro International Inc.*  The injury she complains of is discrimination that has already happened, and declaratory relief is not available for private plaintiffs who seek relief for past discrimination under Title III of the ADA.  Second, Cazares's declaratory judgment claim is redundant and duplicative of her first claim and may be dismissed for that reason.  Cazares relies on the same factual allegations and seeks the same relief in both her claim for injunctive relief and

her claim for a declaratory judgment.  (ECF No. 6 ¶¶52–69.)   If the Court were to grant Cazares's request for injunctive relief, it would determine that Dan Dan's website does not comply with Title III of the ADA and require Dan Dan to make its website comply with Title III.  A declaratory judgment would do the same thing; the judgment would simply declare that Dan Dan violated the ADA and that it has an obligation to modify its website to comply with the ADA.  For those reasons, the Court will grant Defendant's partial motion to dismiss.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike Plaintiff's class allegations, ECF No. 10, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the second cause of action of Plaintiff's amended complaint, is **GRANTED**.


Dated at Milwaukee, Wisconsin on June 22, 2026.


s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge